UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SUNRISE MOUNTAINVIEW HOSPITAL, INC. d/b/a MOUNTAINVIEW HOSPITAL,

Petitioner,

v.

NATIONAL NURSES ORGANIZING COMMITTEE-NEVADA/NNU,

Respondent.

Case No. 2:25-cv-02488-JCM-EJY

**ORDER**

Presently before the court is respondent National Nurses Organizing Committee-Nevada/NUU's motion to dismiss petitioner Sunrise Mountainview Hospital, Inc.'s motion to vacate an arbitration award. (ECF No. 12). Respondent also moves to confirm the arbitration award. (*Id.*) Petitioner filed a response (ECF No. 23), to which the respondent replied (ECF No. 24). Respondent also filed a motion to award attorney's fees. (ECF No. 12).

## I. Background

This dispute arises from an arbitration award. Sunrise Mountainview Hospital, Inc. ("Hospital") filed a petition to vacate an arbitration award that resulted from an issue between the Hospital and National Nurses Organizing Committee-Nevada/NUU ("Union"). (ECF No. 1 at 1).

The parties entered into a collective bargaining agreement ("CBA") with each other, covering October 2024 – June 2027. (ECF No. 12 at 3). The agreement governs union representative access to hospital facilities. (*Id.*). CBA Article 53, Section I governs the issue at hand:

> If the Hospital believes a Labor Representative has violated the access privileges identified in this Article, the Hospital will notify the Labor Representative's designated supervisor and upon request discuss the Hospital's concerns. If after this notification, the Hospital believes the individual has committed a subsequent access violation, the Hospital may revoke the Labor Representative's access privileges (but not the Union's access privileges) pending resolution of the dispute. If the Union wishes to challenge this action, it may advance the issue directly to arbitration under Article 14 of this Agreement, which if the Union requests, will be conducted on an expedited basis.

(ECF No. 1-2 at 6).

The parties entered into arbitration surrounding the revocation of a union representative's hospital access. Hospital revoked union representative LaNita Troyano's ("Troyano") hospital access privileges for 180 days after she impermissibly accessed hospital facilities for a non-union reason. (ECF No. 1 at 4). Hospital and Union consented to arbitration regarding whether the revocation of Troyano's access was valid under the CBA. (*Id.* at 10).

The arbitrator found that the Hospital violated the CBA by revoking Troyano's access privileges for an incorrect reason and determined that 180 days was an unreasonable period of time. (*Id.*). While contemplating whether Troyano's revocation was unreasonable, the arbitrator further determined that the parties must go through expedited arbitration before Hospital can revoke union representative access privileges. (*Id.* at 11).

Hospital now petitions to vacate the arbitration award, contending that the arbitrator exceeded the scope of his authority when he addressed an issue outside of the factual matter. (*Id.*). Hospital asserts that the award should have been limited to resolving Troyano's revocation, not general union representative revocations. (*Id.*). Hospital further argues that the arbitrator violated and materially altered the CBA when he "interpreted the language in Article 53, Section I." (*Id.*).

Union disputes these assertions, arguing that the arbitrator was within the scope of his authority and that he drew his conclusions from the CBA. (ECF No. 12). Union files a motion to dismiss Hospital's petition to vacate, or alternatively, to confirm the award. (*Id.*).

## II. Motion to Dismiss for Improper Service

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal when there is insufficient service of process. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citations omitted). Service of process is a procedural requirement that must be met before this court may exercise personal jurisdiction over a defendant. *Strong v. Countrywide Home Loans, Inc.*, 700 Fed.Appx. 664, 667 (9th Cir. 2017) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Where service of process is insufficient, the district court has discretion to dismiss the action or to quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

B. Discussion

Union argues that Hospital's petition to vacate is untimely because Hospital failed to serve the *summons* and thus failed to properly serve the petition. (ECF No. 12 at 16). Union relies on the Nevada Revised Statutes ("NRS") and Rule 4 of the Federal Rule of Civil Procedure ("FRCP"). (*Id.*). Union's argument fails for multiple reasons.

First, the Union's reliance on the NRS is misplaced. When a party files an action in federal district court, federal procedural law generally governs service. *See Brockmeyer v. May*, 383 F.3d 798, 799–800 (9th Cir. 2004) (ruling that Federal Rule of Civil Procedure 4 governs service of a summons and complaint in federal district court).

Union cites the FRCP; however, applying Rule 4 as a procedural safeguard here is also incorrect. (ECF No. 12 at 16). FRCP Rule 4 governs service of summons and a complaint in federal district court. *Brockmeyer*, 383 F.3d at 800. But, this case does not concern the service of summons and complaint. Rather, it concerns the service of a notice of a petition to vacate an arbitration award.

The Federal Rules of Civil Procedure only apply to the Federal Arbitration Act ("FAA") proceedings when the FAA does not "provide[s] other procedures." *Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1252 (9th Cir. 2018) (quoting Fed. R. Civ. P. 81(a)(6)(B)). Section 12 of the FAA provides a procedure on what notice shall be served upon the opposing party. *See* 9 U.S.C. § 12; *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco*, C.A., 49 F.4th 802, 814 (2d Cir. 2022). "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12.

Here, Union argues improper service because the Hospital served the petition *summons* 11 days later than the three-month deadline under FAA Section 12. (ECF No. 12, at 16). However, service of a summons is not required under the FAA. *See Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 831-32 (9th Cir. 2024) ("A prevailing party need not serve an adverse party with summons ... All that needs to be served is '[n]otice of the application'"); *Commodities & Mins. Enter. Ltd.*, 49 F.4th at 813 ("The FAA requires only service of a notice of application ... not also a summons").

Because the FAA does not require service of summons, importing FRCP Rule 4 protections to petitions to vacate arbitration awards is not warranted. *Gussi, S.A. de C.V.*, 92 F.4th at 831-32 ("we have no warrant to redline the FAA") (citing *Badgerow v. Walters*, 596 U.S. 1, 11 (2022)).

Hospital's service of the petition to vacate the award was proper under FAA Section 12. Thus, Union's motion to dismiss Hospital's petition to vacate due to improper service is denied.

## III. Motion to Dismiss Due to Statute of Limitations

### A. Legal Standard

Dismissal is appropriate under FRCP Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.

Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

A claim may be dismissed as untimely pursuant to a FRCP 12(b)(6) motion when the running of the statute of limitations is apparent on the face of the complaint. *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013). If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### B. Discussion

Union also moves to dismiss the petition by claiming that it is barred by the statute of limitations. (ECF No. 12 at 16-17). Union asserts that the petition expired because the summons

was not served until after the 90-day statute of limitation under Section 301 of the Labor Management Relations Act ("LMRA") and the Nevada Uniform Arbitration Act ("NUAA"). (*Id.*). Once again, Union incorrectly relies on the date of the *summons*. (*Id.*).

There is no statute of limitations in LMRA Section 301. *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–705 (1966). Instead, "the timeliness of a § 301 suit ... is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." (*Id.*). The Ninth Circuit has advised courts to "borrow the most closely analogous statute of limitations under state law." *Sheet Metal Workers Int'l v. Air Systems Eng'g*, 831 F2d 1509, 1511 (9th Cir. 1987).

Borrowing the most analogous state law claim, the statute of limitations to file a petition to vacate an arbitration award under the NUAA applies here. *See 3535 LV Newco LLC v. Int'l All. of Theatrical Stage Emps., Moving Picture Technicians, Artists, & Allied Crafts of the U.S, Its Territories & Can., Loc. 720, Las Vegas, Nev.*, Case No. 2:23-cv-01274-GMN-BNW, 2025 WL 785067, at *3 (D. Nev. Mar. 11, 2025) (finding same conclusion). The NUAA states that the motion "must be made within 90 days after the *movant receives notice* of the award pursuant to NRS § 38.236." *See* Nev. Rev. Stat. § 38.241(2) (emphasis added).

Here, the award was signed by the arbitrator on September 20, 2025. (ECF No. 1-2 at 14). Thus, Hospital had until December 19, 2025 to timely file the petition. Although it is unclear when the Hospital received notice of the award, the petition was filed on December 15th, before the 90-day deadline. (ECF No. 1). The Union incorrectly argues that the Hospital had 90 days from when the award was issued to serve *the summons* of the petition, but the statute says no such thing. (ECF No. 12, at 17); *see* Nev. Rev. Stat. § 38.241(2).

The filing was before the December 19th deadline, so the petition is timely under the LMRA and NUAA. The petition is not barred by the statute of limitations. The motion to dismiss the petition is denied.

## IV. Motion to Confirm Award

### A. Legal Standard

The FAA permits any party to apply to the court to confirm, vacate, modify, or correct an arbitration award. 9 U.S.C. § 9. A court must confirm an arbitration award "unless the award is

vacated, modified, or corrected." 9 U.S.C. § 9; *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003). A district court may vacate an arbitration award "only in very unusual circumstances." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995). "Under the statute, confirmation is required even in the face of erroneous findings of fact or misinterpretations of law." *Kyocera Corp.*, 341 F.3d at 997 (internal quotation marks omitted).

A party moving to vacate an award must show that (1) the award was procured by corruption, fraud, or undue means; (2) the existence of evident partiality or corruption in the arbitrators; (3) any party was prejudiced by the arbitrator's misconduct; or (4) the arbitrators exceeded their powers. *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010) (citing 9 U.S.C. § 10(a)). The grounds for vacatur of arbitration awards "afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures." *Kyocera Corp.*, 341 F.3d at 998.

Judicial scrutiny of an arbitrator's decision in the context of a labor dispute is similarly limited. *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1111 (9th Cir. 2012). Section 301 of the LMRA gives federal courts jurisdiction over actions to confirm or vacate labor arbitration awards. *See* 29 U.S.C. § 185. Under Section 301, there are four limited circumstances in which federal courts may vacate an arbitration award pursuant to a collective bargaining agreement: "(1) when the award does not draw its essence from the collective bargaining agreement and the arbitrator is dispensing his own brand of industrial justice; (2) where the arbitrator exceeds the boundaries of the issues submitted to him; (3) when the award is contrary to public policy; or (4) when the award is procured by fraud." *S. Cal. Gas Co. v. Util. Workers Union of Am., Local 132, AFL-CIO*, 265 F.3d 787, 792-93 (9th Cir. 2001).

The Ninth Circuit has warned that when reviewing the award of an arbitrator chosen by parties to a collective bargaining agreement, courts should not "reform awards in our own image of the equities or the law" and must afford the arbitrator an "unparalleled degree of deference." *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1204–05 (9th Cir. 1989). Accordingly, courts are "barred from disregarding the arbitrator's factual determinations, let

alone supplementing them with its own, or from 'correcting' an arbitrator's erroneous understanding of the law." *Id.* at 1207.

B. Discussions

*1. Whether the Arbitrator Exceeded His Authority and Jurisdiction.*

The Hospital contends that the arbitrator exceeded his authority and jurisdiction because he "impermissibly exceeded the boundaries of the issues submitted to him." (ECF No. 1 at 15). Hospital believes that the arbitration award should have been limited to Troyano's access, not whether the Hospital could immediately revoke other union representatives' access. (ECF No. 1 at 15). This argument fails.

As established in *Hawaii Teamsters & Allied Workers Union, Loc. 996 v. United Parcel Serv.*, 241 F.3d 1177, 1182 (9th Cir. 2001), an arbitrator lacks the power to disregard clear terms of a collective bargaining agreement that define the boundaries of his authority. Yet, arbitrators must also be afforded broad discretion in crafting remedies under a CBA. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 596, 596–97 (1960)). Moreover, the Supreme Court recognized in *Enterprise Wheel* that the arbitrator's function is to interpret and apply the CBA, particularly where the parties themselves may not have anticipated what remedy would be appropriate for a given situation. 363 U.S. at 597.

Applying this framework here, the arbitrator acted within his authority. Notably, the arbitrator explicitly acknowledged the scope of his authority as set forth in Article 53, Section 1 of the CBA, demonstrating that he was mindful of the contractual boundaries governing his role. (*See* ECF No. 1-2 at 9-10). The arbitrator specifically mentions, "Article 53, Section I clearly gives authority to resolve a dispute over access violations to the arbitrator." (*Id.* at 12). Operating within those boundaries, the arbitrator determined that revoking any union representative's access before establishing a concrete violation would be inappropriate. (*Id.* at 11).

Article 53, Section I of the CBA states, "the Hospital may revoke the Labor Representative's access privileges pending resolution of the dispute." (*Id.* at 10). The Arbitrator relies on the word "pending," finding the word to be ambiguous under the CBA. (*See id.* at 11). He further recognizes

that the two parties have different interpretations of whether "pending" means pending before arbitration begins altogether, or pending until the resolution is determined. (*See id.*). The arbitrator concludes that the latter interpretation, revocation before resolution, would be "nonsensical" and "unacceptable." (*See id.*).

The Hospital contends that the arbitrator should not have raised the general revocation issue, insisting that the inquiry should have been limited to Troyano's revocation issue. (ECF No. 1 at 11). Hospital uses Article 14, Section 5 of the CBA which states, "The Arbitrator shall limit his/her opinion to the interpretation and/or application of the Agreement and shall have no power to add to, subtract from, modify, change, amend or delete any of the terms or provisions of the Agreement. (*Id.* at 4-5).

However, this unanticipated result is precisely the kind of gap the Supreme Court envisioned in *Enterprise Wheel*. *See* 363 U.S. at 597. Here, the arbitrator exercised his interpretive role and grounded his decision and award in the plain text of Section I. (*See* ECF No. 1 at 10). The arbitrator considered the issue at hand and determined it was necessary to interpret the definition of "pending." (*See id.*).

Far from ignoring and modifying the CBA's language, the arbitrator interpreted and applied it while determining his award. (*See id.* at 9). Hospital's claim to the contrary is without merit.

*2. Whether the Award Draws its Essence from the CBA.*

An arbitral award warrants judicial enforcement when it draws its essence from the contract—that is, when it represents a plausible interpretation of the agreement on its face. *Sheet Metal Workers'*, 84 F.3d at 1190. Importantly, the Ninth Circuit has cautioned that the "draws its essence" inquiry is not meant to serve as a vehicle for courts to conduct substantive review of an arbitrator's reasoning on the merits. *Haw. Teamsters*, 241 F.3d at 1183.

Where the arbitrator's decision concerns the interpretation and construction of the agreement, a court may not substitute its own reading simply because it would have reached a different conclusion. *Id.* (quoting *Enterprise Wheel.*, 363 U.S. at 599). Indeed, the Supreme Court has made clear that courts lack authority to revisit the merits of an award even where a party contends the

arbitrator committed factual or interpretive error. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987).

Measured against this standard, the arbitrator's decision readily satisfies the "draws its essence" requirement. The arbitrators' interpretation of "pending" does not impose any obligation that exists outside the agreement. As set forth above, the arbitrator's decision and award are rooted in his interpretation of the CBA's provisions.

The arbitrator's decision lies within his authority under the CBA and the award drew its essence from such authority. Thus, there is no basis to disturb it. *See Haw. Teamsters*, 241 F.3d at 1183.

**V. Motion for Attorney's Fees**

A. Legal Standard

The court now turns to the question of attorneys' fees. "Under the American rule, absent contractual or statutory authorization, a prevailing litigant ordinarily may not collect attorneys' fees. *International Union of Petroleum and Industrial Workers v. Western Industrial Maintenance*, 707 F.2d 425, 428 (9th Cir. 1983). However, a court may, at its discretion, assess attorneys' fees when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id.*

The Ninth Circuit addressed the issue of attorneys' fees in the context of challenges to arbitral awards at considerable length in *Western Industrial Maintenance*. *Id.* In that decision, the court recognized that an unjustified refusal to comply with an arbitrator's award may be tantamount to an action taken in bad faith. *Id.* at 428. As the Ninth Circuit explained, "[b]ad faith may be demonstrated by showing that a defendant's obstinancy in granting a plaintiff his clear legal rights necessitated resort to legal action with all the expense and delay entailed in litigation." *Id.* (quoting *Huecker v. Milburn*, 538 F.2d 1241, 1245 n. 9 (6th Cir. 1976)).

B. Discussion

Union argues that it is entitled to reasonable attorneys' fees because Hospital unjustifiably refused to abide by the arbitrator's award. (ECF No. 12 at 20). The court does not agree.

It is a foundational principle of labor law that arbitration is a creature of contract, and that a party is bound by an arbitral award only to the extent it has agreed to submit the underlying dispute

to arbitration. *International Brotherhood of Teamsters v. Washington Employer's, Inc.*, 557 F.2d 1345, 1347 (9th Cir. 1977). That said, mere ambiguity in the reasoning accompanying an award—which may give rise to an inference that the arbitrator exceeded the scope of his authority—does not, standing alone, furnish grounds for refusing to enforce the award. *Enterprise Wheel*, 363 U.S. at 598.

Arbitration awards enjoy a strong presumption of validity and are vacated only in exceedingly rare circumstances. This award presented no such extraordinary circumstance. As the court has already determined, the arbitrator did not exceed the bounds of his authority, and the resulting award draws its essence from the CBA.

However, the arbitration record presents facts mostly surrounding Troyano's access revocation, not the revocation of general union representative access. (*See generally* ECF No. 1, Ex. A, C, G, M). The court observes that the Hospital might not have foreseen the arbitrator's outcome. Thus, the court does not find that the Hospital's challenge to the arbitration award was completely frivolous or undertaken in bad faith. *See McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir.1981) ("frivolous in this circuit when the result is obvious or the arguments of error advanced are wholly without merit").

Additionally, the Union's request for attorneys' fees fails to comply with Local Rule 54-16. This rule requires "a reasonable itemization and description of the work performed." Nev. Loc. R. 54-16. The Union generally requests, "reasonable attorneys' fees pursuant to this motion." (ECF No. 12 at 22). The Union fails to present any itemization or description of any work performed related to the motion.

Therefore, an award of attorneys' fees is not warranted.

**VI. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that respondent's motion to dismiss the petition (ECF No. 12) be, and the same hereby is DENIED.

IT IS FURTHER ORDERED that respondent's countermotion to confirm the arbitration award is GRANTED.

IT IS FURTHER ORDERED that respondent's request for attorneys' fees is DENIED.

Dated this 6th day of October, 2026.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE